UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORATIO RON TAYLOR,<br><br>        Petitioner,<br><br>    v.<br><br>C. COLEMAN,<br><br>        Respondent. | Case No.   1:20-cv-00432-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>ECF No. 10 |

Petitioner Horatio Ron Taylor, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 10.  This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).   Petitioner makes one claim for relief: that the passage of a new state law entitles him to a reversal of his California conviction for possession of marijuana while incarcerated.  Because petitioner has failed to state a cognizable claim for federal habeas relief, we will order him to show cause why his petition should not be dismissed.

**Discussion**

A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To pass initial screening under Rule 4, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law.").

Here, petitioner was convicted in 2013 of possession of marijuana while in state custody. ECF No. 10 at 2. In 2016, California passed Proposition 64, which legalized recreation marijuana use and reduced certain penalties for marijuana-related offenses.[1] Since that time, state prisoners have sought relief from their convictions for possession of marijuana while incarcerated. Recently, there has been disagreement among the districts of the California Court of Appeal whether Proposition 64 provides any remedies to individuals convicted of possession of marijuana while incarcerated. *See People v. Raybon*, 36 Cal. App. 5th 111 (2019); *People v. Perry*, 32 Cal. App. 5th 885 (2019). The issue is currently pending before the California Supreme Court. *See People v. Raybon*, No. S256978 (Cal. July 19, 2019).

Petitioner sought habeas relief from his conviction before the California Supreme Court and was denied review on July 24, 2019. ECF No. 10 at 2. To the extent petitioner asks us to review a state court's decision based purely on state law, his claim is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67; *Booten v. Rackley*, No. 2: 17-cv-05261-VBF (KS),

---

[1] On November 8, 2016, California voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which "legalized the recreational use of marijuana and reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana." *See People v. Boatwright*, 36 Cal. App. 5th 848, 853 (2019). It also authorized an individual currently serving a sentence to petition the trial court that entered the conviction for a recall or dismissal of sentence. *Id*. (citing Cal. Health & Safety Code § 11361.8(a)).

2017 U.S. Dist. LEXIS 115325, at *6 (C.D. Cal. July 24, 2017) (declining to review a federal habeas petitioner's claim that Proposition 64 required a modification of his state sentence for possession of marijuana).  Rather, petitioner must state a claim that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  We cannot find any "clearly established federal law" that requires California state courts to overturn convictions based on Proposition 64.  *See White*, 572 U.S. at 419.  Therefore, we will order petitioner to show how his claims are cognizable under federal habeas review.

**Order**

Within thirty days of the date of service of this order, petitioner is ordered to show cause why his petition should not be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: ___April 15, 2020___                        _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

No. 206.

3