UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORATIO RON TAYLOR,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>C. COLEMAN,<br><br>　　　　　Respondent. | Case No.   1:20-cv-00432-JDP<br><br>ORDER DISCHARGING APRIL 16, 2020 ORDER TO SHOW CAUSE<br><br>ECF No. 28<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>OBJECTIONS DUE WITHIN 30 DAYS<br><br>ECF No. 10<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

　　　Petitioner Horatio Ron Taylor, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10. Petitioner makes one claim for relief: that the passage of a new state law entitles him to a reversal of his California conviction for possession of marijuana while incarcerated. *Id*. On April 16, 2020, we ordered petitioner to show cause why his petition should not be dismissed for failure to state a cognizable claim. ECF No. 28. Considering petitioner's May 27, 2020 response, we will discharge the order to show cause. ECF No. 28. However, petitioner's response has failed to show how his claim is

cognizable under federal habeas review. Accordingly, we recommend that his petition be dismissed.

**Discussion**

A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Here, petitioner was convicted in 2013 of possession of marijuana while in state custody. ECF No. 10 at 2. In 2016, California passed Proposition 64, which legalized recreation marijuana use and reduced certain penalties for marijuana-related offenses.[1] Since that time, state prisoners have sought relief from their convictions for possession of marijuana while incarcerated. Recently, there has been disagreement among the districts of the California Court of Appeal whether Proposition 64 provides any remedies to individuals convicted of possession of marijuana while incarcerated. *See People v. Raybon*, 36 Cal. App. 5th 111 (2019); *People v. Perry*, 32 Cal. App. 5th 885 (2019). The issue is currently pending before the California Supreme Court. *See People v. Raybon*, No. S256978 (Cal. July 19, 2019).

Petitioner sought habeas relief from his conviction before the California Supreme Court and was denied review on July 24, 2019. ECF No. 10 at 2. To the extent petitioner asks us to review a state court's decision based purely on state law, his claim is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67; *Booten v. Rackley*, No. 2: 17-cv-05261-VBF (KS), 2017 U.S. Dist. LEXIS 115325, at *6 (C.D. Cal. July 24, 2017) (declining to review a federal habeas petitioner's claim that Proposition 64 required a modification of his state sentence for

---

[1] On November 8, 2016, California voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which "legalized the recreational use of marijuana and reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana." *See People v. Boatwright*, 36 Cal. App. 5th 848, 853 (2019). It also authorized an individual currently serving a sentence to petition the trial court that entered the conviction for a recall or dismissal of sentence. *Id*. (citing Cal. Health & Safety Code § 11361.8(a)).

1  possession of marijuana). Rather, petitioner must state a claim that he is "in custody in violation
2  of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). We cannot find
3  any "clearly established federal law" that requires California state courts to overturn convictions
4  based on Proposition 64. *See White*, 572 U.S. at 419. Therefore, his petition should be
5  dismissed.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

The court should dismiss the petition for a writ of habeas corpus, ECF No. 10, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 30 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under

28 U.S.C. § 636(b)(1)(C).

**Order**

The court's April 16, 2020 order to show cause is discharged. ECF No. 28. The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:    June 5, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.