UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORATIO RON TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>C. COLEMAN, et al.,<br><br>    Respondents. | No. 1:20-cv-00432-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 34) |

    Petitioner Horatio Ron Taylor is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 34.) Specifically, the magistrate judge found that petitioner's single claim—"that the passage of a new state law entitles him to a reversal of his California conviction for possession of marijuana while incarcerated" in state custody—is not cognizable in these federal habeas proceedings. (*Id*. at 1.) The magistrate judge also found that there is no "clearly established federal law" that requires California state courts to

1

overturn criminal convictions following California's passage of Proposition 64 in 2016, legalizing recreational marijuana use and reducing certain penalties for marijuana-related offenses under state law. (*Id.* at 2–3.) The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id*. at 3.) On July 1, 2020, petitioner timely filed objections to the pending findings and recommendations. (Doc. No. 35.)

In his objections, petitioner merely reiterates his previously made argument that because California has decriminalized the possession of marijuana pursuant to Proposition 64, his conviction for possession of marijuana while in state custody should be overturned. (*Id*.) Petitioner argues that "[a]nything that is voted in as a proposition by any state, makes that law one of a Constitutional law," and that "[a]ny law that is one of the states [sic] constitution, should be recognized as a federal issue." (*Id*. at 2–3.) Petitioner is mistaken, and his objections fail to meaningfully dispute the magistrate judge's findings and recommendations. As the magistrate judge correctly noted, "[f]ederal habeas relief is not available for alleged violations of state law," and here, petitioner has failed to allege that he is in custody in violation of the U.S. Constitution or of clearly established federal law. (Doc. No. 34 at 2–3.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

Having found that petitioner is not entitled to federal habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court should issue a certificate of appealability "if jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the court finds that reasonable jurists would not find this court's determination that petitioner's claim is not cognizable in federal habeas to be debatable.  Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 5, 2020 (Doc. No. 34) are adopted in full;
2. The petition for writ of habeas corpus is dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 27, 2020**                              *Dale A. Drozd*
                                                     UNITED STATES DISTRICT JUDGE